IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TRISHA COLLYMORE<br>2581 Cheshire Road<br>Shaker Heights, Ohio 44120<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>COUNCIL FOR ECONOMIC<br>OPPORTUNITIES IN GREATER<br>CLEVELAND<br>c/o Dr. Jacklyn Chisolm<br>1801 Superior Avenue, Suite 400<br>Cleveland, Ohio 44114<br><br>　　　　　　　　Defendant. | CASE NO.:<br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES**<br><br>(JURY DEMAND ENDORSED HEREIN) |

Plaintiff Trisha Collymore, by and through the undersigned, as her Complaint against Defendant states and avers the following:

## PARTIES & VENUE

1. Collymore is a former employee of the Council for Economic Opportunities in Greater Cleveland ("CEOGC").

2. Collymore is a resident of the city of Shaker Heights, county of Cuyahoga, and state of Ohio.

3. CEOGC is an Ohio non-profit corporation that operates a community action agency and a Head Start early childhood education program, with its principal place of business located in the city of Cleveland.

4. CEOGC is and, at all times material herein, was an employer, pursuant to 29 U.S.C. § 2611 (4)(A)(i).

5. Collymore, at all times material herein, was an eligible employee, pursuant to 29 U.S.C. § 2611 (2)(A).

6. CEOGC is and, at all times material herein, was an employer, pursuant to Ohio Rev. Code § 4112.01(A)(2).

7. Jurisdiction is proper over CEOGC pursuant to 28 U.S.C. § 1331, in that Collymore is alleging federal law claims arising under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*.

8. This Court has supplemental jurisdiction over the state law claims alleged herein, pursuant to 28 U.S.C. § 1367.

9. Venue is properly placed in the Unites States District Court for the Northern District of Ohio, Eastern Division, because it is the Court for the district, division, and county within which a substantial part of the events giving rise to this Complaint occurred.

10. This Court is a court of general jurisdiction over all subject matters of this Complaint and the claims presented herein.

## **FACTS**

11. In or around December of 2015, CEOGC hired Collymore as an accountant.

12. In or around the early fall of 2017, Collymore was diagnosed with Lupus.

13. On or around early November, Collymore disclosed her Lupus diagnosis to Maryann Syrek, a CEOGC human resources employee.

14. Lupus is a medical condition which significantly limits one or more of Collymore's major life activities.

15. Specifically, as a result of Lupus, Collymore experiences debilitating headaches, dizziness, and muscle pain, all of which significantly limit major life activities.

16. As a result of her Lupus, Collymore is disabled for the purposes of Ohio Rev. Code § 4112, or, in the alternative CEOGC regarded her as such.

17. Despite her Lupus, Collymore, at all times material herein, was qualified to perform her duties at CEOGC.

18. On or around October 29, 2017, Collymore initiated a request for intermittent leave, pursuant to the FMLA.

19. On or around November 30, 2017, CEOGC approved Collymore's request for intermittent FMLA leave.

20. On or around December 6, 2017, CEOGC placed Collymore on a performance improvement plan ("PIP").

21. The stated goals of the PIP were "Improved communications with CFO, Accounting Manager and internal and external customers; Improved accountability and initiative to ensure tasks are completed accurately and timely; Attend training course for soft skills (effective communication) and on areas related to your job as a general ledger accountant."

22. The PIP stated that Collymore would receive feedback on her progress on January 8, 2018, January 22, 2018, and February 6, 2018.

23. On December 15, 2017, CEOGC terminated Collymore's employment.

24. Despite two years of service to CEOGC, with no previous performance issues, barely a month after she disclosed her illness and requested FMLA leave, Ms. Collymore was placed on a performance improvement plan and a week later she was terminated.

25. CEOGC terminated Collymore ostensibly because of Collymore's "failure to adhere to agency expectations and [her] unwillingness to work towards the goals of the Finance Department."

26. CEOGC stated reason for Collymore's termination was pretext.

27. CEOGC terminated Collymore in retaliation for Collymore's exercise of rights afforded by the FMLA.

28. Alternatively, CEOGC terminated Collymore because of her disability or CEOGC's perception of Collymore as disabled.

29. As a direct and proximate result of CEOGC unlawful conduct, Collymore has suffered, and will continue to suffer, damages.

## COUNT I: FMLA RETALIATION

30. Collymore realleges all prior paragraphs of this Complaint.

31. Collymore was an eligible employee, pursuant to 29 U.S.C. § 2611 (2)(A) and was entitled to leave, pursuant to 29 U.S.C. § 2612 (a)(D).

32. CEOGC terminated Collymore because of her exercise of rights afforded by the FMLA and, in doing so, CEOGC violated the FMLA's proscriptions against retaliation.

33. As a direct and proximate result of CEOGC's unlawful conduct, Collymore has suffered and will continue to suffer damages.

## COUNT II: DISABILITY DISCRIMINATION

34. Collymore realleges all prior paragraphs of this Complaint.

35. CEOGC terminated Collymore because of her disability, in contravention of Ohio Rev. Code § 4112.

36. As a direct and proximate result of CEOGC's unlawful conduct, Collymore has suffered and will continue to suffer damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Trisha Collymore respectfully requests that this Honorable Court grant the following relief:

1. An order requiring CEOGC to retroactively restore Collymore to one of the positions to which she was entitled by virtue of her service and qualifications, and expunge her personnel file of all negative documentation;

2. An award against CEOGC of damages to compensate Collymore for back pay, front pay, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim;

3. An award of punitive damages against CEOGC in an amount in excess of $25,000;

4. An award of liquidated damages, reasonable attorney's fees and costs for Collymore's claims as allowable and/or required under law;

5. Any award of other relief that this Court may deem necessary and proper.

Respectfully submitted,

*s/ Peter C. Mapley*
Peter C. Mapley (0092359)
**SOBEL, WADE & MAPLEY, LLC**
2460 Fairmount Boulevard, # 314
Cleveland, Ohio 44107
T: (216) 223-7213
F: (216) 223-7213
mapley@swmlawfirm.com

*Attorney for Plaintiff*

## **JURY DEMAND**

Plaintiff Trisha Collymore demands a trial by jury by the maximum number of jurors permitted.

*s/ Peter C. Mapley*
Peter C. Mapley (0092359)